■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUY ANDERSEN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered March 15, 1983, convicting him of robbery in the

first degree, criminal use of a firearm in the first degree, and criminal possession of a weapon in the third degree, after a nonjury trial, and imposing sentence.

Judgment affirmed.

The photographic identification procedure used by the police was proper and did not taint the subsequent in-court identification of the defendant by David Hector, one of the victims. The mere fact that Officer Evers had informed Hector prior to the photographic identification procedure that he had arrested a suspect did not render that procedure unduly suggestive *(see, People v Rodriguez,* 64 NY2d 738, 740). The record indicates that the photographic array was carefully assembled and the entire procedure performed so as to minimize the risk of mistaken identification.

On a challenge to the sufficiency of the evidence, this court must view the evidence "in the light most favorable to the People * * * bearing in mind that credibility is a matter to be determined by the trier of the facts" *(People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932). Evidence may only be deemed insufficient to support a finding of guilt when no rational trier of fact could find the essential elements of the crime charged beyond a reasonable doubt *(People v Contes,* 60 NY2d 620, 621). Applying these standards, it is clear that the evidence was sufficient to support the court's finding of the defendant's guilt.

By withdrawing his objection to the admissibility of the defendant's postarrest statements at the conclusion of the pretrial suppression hearing, and never reviving it prior to this appeal, the defendant waived his right to appellate review of this issue *(see,* CPL 710.70 [3]; *People v Shaoul,* 96 AD2d 892, 893). Similarly, the defendant's failure to raise at trial his objection to the People's not calling a certain witness resulted in any alleged error of law with respect thereto not being preserved for appellate review (CPL 470.05 [2]). In any case, neither of these objections has any merit. Brown, J. P., Weinstein, Niehoff and Eiber, JJ., concur.