OPINION OF THE COURT
 

 Memorandum,
 

 The order of the County Court should be reversed and the charges dismissed.
 

 On January 19, 1993, defendant was arraigned in Troy City Court on criminal charges and advised simply that a "preliminary order of protection” was being issued. The written order —barring defendant from any contact with the mother of his child — was not served on him. A preexisting Family Court order permitted defendant to visit his child each Saturday. Bail was set at $500.
 

 Two months later, when the child was not brought to the visitation site at the appointed time, defendant became involved in an altercation with the child’s mother, during which he twice appeared at her home, injuring her and damaging her property. He was arrested and charged with substantive criminal offenses as well as violation of the January 19 order of protection.
 

 At a hearing commenced on April 13, 1993 in Troy City
 
 *987
 
 Court, defense counsel stipulated only that an order of protection had been issued on January 19, 1993. When defendant was shown the January 19 order, he stated he had not previously seen it and was familiar only with the Family Court visitation order. To his knowledge, he had not violated the terms of that order, but believed that if he did so, he could be sentenced to six months in jail. At the close of the hearing counsel moved to dismiss on the grounds the order had not been served on his client.
 

 The court found the People had presented "competent proof’ that defendant "willfully failed to obey the order.” Defendant again protested that the only time he had contact with his son and the child’s mother was during the designated Family Court visitation period, and that he had never seen any other order. When the court stated that it issued an order "telling you to stay away from there,” defendant responded, "You might have said that, Your Honor.” Upon sentencing, the court advised defendant the order of protection was still in effect and he again expressed confusion about whether the Family Court visitation order took precedence. The court at that point explained that both orders could be complied with if visitation took place solely at a neutral location.
 

 Pursuant to CPL 530.13 — the provision at issue here — orders of protection may be issued for the protection of victims of crimes as a condition of pretrial release (CPL 530.13 [1]).
 
 *
 
 By statutory mandate, whenever a temporary order of protection is issued under CPL 530.13, the clerk of the court must issue a copy of the order to the defendant. The 1994 amendments to the statutory scheme specify that notice is adequate to support a criminal prosecution stemming from violation of an order if given orally in court
 
 (e.g.,
 
 Penal Law §§ 120.14, 215.51 [L 1994, ch 222, §§ 46, 47]), a change that conforms to our case law
 
 (e.g., Matter of McCormick v Axelrod,
 
 59 NY2d 574, 583;
 
 People ex rel. Stearns v Marr,
 
 181 NY 463, 470). It is not enough, however, simply to inform a defendant that "an order” has been issued, without also telling defendant, either orally or in writing, the contents of the order and the conduct it prohibits. The People here failed to establish that the substance of the January 19 order (the basis for the violation charges) was conveyed to defendant.
 

 
 *988
 
 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur in memorandum.
 

 Order reversed, etc.
 

 *
 

 The Family Protection and Domestic Violence Intervention Act of 1994 (L 1994, ch 222) has significantly amended the statutory scheme governing orders of protection and their violation.