■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CHRIS T. CLARK, Respondent. [692 NYS2d 748] —Crew III, J. Ap-

peal from an order of the County Court of Essex County (Halloran, J.), entered June 17, 1997, which, *inter alia*, partially granted defendant's motion to dismiss the indictment.

On September 6, 1996, defendant was arraigned in the Town of North Hudson Justice Court upon charges of assaulting and menacing his wife. As a condition of defendant's pretrial release, the court issued a temporary order of protection. Thereafter, on September 14, 1996, when defendant's wife and daughters went to the marital home to retrieve some personal belongings, defendant appeared and an altercation ensued between defendant, his wife and their oldest daughter. As a consequence, defendant was indicted and charged with, *inter alia*, two counts of criminal contempt in the first degree for violating the terms of the temporary order of protection. Thereafter, defendant moved to dismiss the indictment on the ground that, *inter alia*, the evidence before the Grand Jury was not legally sufficient to support the underlying charges. County Court granted the motion with respect to counts one and two, reasoning that the temporary order of protection was defective in that it did not name defendant's wife or oldest daughter and did not sufficiently inform defendant of the conduct he was to avoid. The People have appealed.

The order in question, which was personally served upon defendant and signed by him at his arraignment in Town Justice Court, provided, *inter alia*, that defendant not assault, harass, intimidate, threaten or otherwise interfere with "[specify victim(s), or witness(es) or member(s) of victim's(s)] or witness's(es') family or household]: _____". We are of the view that simply because the Town Justice failed to write or type the "victim's" name into the appropriate space in the preprinted order does not warrant dismissal of that count of the indictment pertaining to defendant's wife. The law is now clear that a person may be found guilty of criminal contempt when he or she violates a duly served order of protection or an order given orally in court (*see, People v McCowan*, 85 NY2d 985, 987). Here, a State Trooper who was present at defendant's arraignment testified at the Grand Jury proceeding that the Town Justice orally advised defendant of the temporary order of protection and, more to the point, that it applied to his wife. We believe that the presentation of the written order to defendant, with explicit directives as to the conduct prohibited, coupled with the Town Justice's oral communication that the order pertained to defendant's wife, constituted legally suf-

ficient evidence to sustain the charges contained in count one of the indictment.*

Mercure, Yesawich Jr. and Graffeo, JJ., concur.

Mikoll, J. P. (dissenting). I respectfully dissent.

The majority, while conceding that the order of protection was defective, nonetheless holds that its defects were cured by the Grand Jury testimony of the arresting State Trooper that the Town Justice orally advised defendant of the terms of the order and that it applied to his wife. I disagree. While valid orders of protection may be given orally in court (*see*, Penal Law § 120.14; *People v McCowan*, 85 NY2d 985), "the contents of the order and the conduct it prohibits" must be communicated to the defendant (*People v McCowan, supra*, at 987). The People produced no competent testimony establishing these essential elements. Offering neither a transcript of the arraignment proceeding nor the testimony of the arraigning Justice, the People relied solely on the Trooper's testimony that defendant was told that "he wasn't to have any contact with his wife and other specific code of conduct rules". While such testimony could properly have established defendant's receipt and notice of the terms of an otherwise valid order, it was clearly hearsay and inadmissible to establish any substantive terms thereof. Moreover, contrary to the majority's suggestion that the sole deficiency in the order was its omission of the name of defendant's wife, County Court found that the order was wholly inadequate to advise defendant of the conduct proscribed and that the Trooper's expansive description thereof went "far beyond the express terms of the written order".

I would, therefore, affirm the order of County Court.

Ordered that the order is modified, on the law, by reversing so much thereof as granted the motion dismissing count one of the indictment; motion denied to that extent and said count is reinstated; and, as so modified, affirmed.

---

* Count two of the indictment accuses defendant of contumacious conduct involving his oldest daughter. Inasmuch as the temporary order of protection does not mention defendant's daughter and, unlike the wife, there is no evidence that he was orally advised that it applied to his daughter, County Court quite properly dismissed count two.