OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant appeals from an order of the Appellate Division which modified a County Court order by reinstating the first count of the indictment and, as so modified, affirmed. The dissenting Justice at the Appellate Division then granted defendant leave to appeal to this Court.
 

 Notice of the contents of, and therefore of the conduct prohibited by, an order of protection may be given either orally or in writing or in combination to cover the whole set of circumstances required to be presented to a Grand Jury. In this case, the array of evidence is sufficient to support all the elements of the disputed charge, stemming from the alleged violation of the order
 
 (see, People v McCowan,
 
 85 NY2d 985, 987). The written form order, coupled with the State Trooper’s testimony that the Judge informed defendant that the order was issued for the temporary protection of defendant’s wife, established that defendant was on sufficient notice of the prohibited conduct and to whom it related. In so holding, we reject defendant-appellant’s argument that the charge was insufficiently presented because the State Trooper’s testimony was inadmissible hearsay. That part of the evidence was offered “not for the truth of its content but to evidence the fact that the statement was made”
 
 (People v Davis,
 
 58 NY2d 1102, 1103;
 
 see also,
 
 Prince, Richardson on Evidence § 8-105 [Farrell 11th ed]). Because we conclude that legally sufficient evidence exists to support all the elements of the charge of criminal contempt in the first degree, we are satisfied that the Appellate Division correctly reinstated that charge.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
 

 
 *776
 
 Order affirmed in a memorandum.