In the Matter of DYANDRIA D., a Child Alleged to be Permanently Neglected. DYANDRIA M., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent, et al., Respondent. In the Matter of GERARD M., Petitioner, v DYANDRIA M., Respondent. [802 NYS2d 152]—

Order, Family Court, New York County (Helen C. Sturm, J.), entered on or about October 4, 2002, which found that appellant mother committed 10 violations of orders of protection and committed her to the custody of the New York City Department of Correction for a period of 36 months, of which all but nine months were conditionally suspended, unanimously affirmed, without costs.

The record establishes beyond a reasonable doubt that appellant willfully violated the subject orders of protection by interfering with Administration for Children's Services' (ACS) custody of the child by posting flyers denigrating the foster care agency; by harassing the father on three separate occasions by reporting him to various authorities, and harassing him by posting flyers in his neighborhood; and by committing aggravated harassment on at least five occasions by broadcasting images of the child. Family Court had the discretion to impose consecutive jail sentences, each of up to six months, for each willful violation (*see* Family Ct Act § 846-a; *Matter of Walker v Walker,* 86 NY2d 624, 627-628 [1995]), and, under the circumstances, properly exercised that discretion.

Appellant's contention that Family Court lacked jurisdiction because the order to show cause commencing the proceeding did not contain the statutory notice required by Family Court Act § 846 (b) was waived by her failure to timely object to the claimed omission (*see Matter of Rappaport*, 58 NY2d 725, 726 [1982]; *Matter of Lewin v Lewin*, 124 AD2d 730 [1986]). Appel-

lant also waived her argument that Family Court's prohibition against broadcasting images of the child and father, and against posting materials about them in public places, violated her First Amendment rights, by withdrawing that objection in the Family Court proceedings (*see People v Andersen*, 118 AD2d 716, 717 [1986]).

Appellant's claim that she was deprived of her right to a jury trial was not raised at the hearing and is unpreserved (*see People v Ferguson*, 192 AD2d 800 [1993], *lv denied* 82 NY2d 717 [1993]). In any event, because the Legislature has determined that the maximum exposure under Family Court Act § 846-a for each willful violation of an order of protection is six months, there is no right to a jury trial (*see Lewis v United States*, 518 US 322 [1996]; *People v Foy*, 88 NY2d 742 [1996]).

Appellant's claim that the sentence is excessive is moot because she has been released from custody (*see Matter of Julie A.C. v Michael F.C.*, 15 AD3d 1007 [2005]; *People v La Motte*, 285 AD2d 814, 817 [2001]).

We have considered appellant's other arguments, including those in the pro se supplemental brief, and find them unavailing. Concur—Tom, J.P., Andrias, Sullivan, Gonzalez and Sweeny, JJ.