■ In the Matter of ER-MEI Y. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; GUO J.Y., Appellant. [816 NYS2d 539]—

In this child protective proceeding pursuant to Family Court Act article 10, the father appeals from an order of the Family Court, Queens County (Richardson, J.), dated December 23, 2004, which, after a hearing (Salinitro, J.), determined that he had violated the terms of an order of protection of the same court (Richroath, J.) dated October 7, 2004, and committed him to a term of incarceration of six months.

Ordered that the appeal from so much of the order dated December 23, 2004, as committed the father to a term of incarceration of six months is dismissed as academic, without costs or disbursements, as the period of incarceration has expired; and it is further,

Ordered that the order dated December 23, 2004 is reversed insofar as reviewed, on the law, without costs or disbursements, and the petition is dismissed.

Although the period of the father's incarceration has expired, the appeal from so much of the order as determined that he violated the order of protection is not academic in light of the enduring consequences which may potentially flow from an adjudication that a party has been found to have violated an order of the Family Court (*see Matter of Bickwid v Deutsch,* 87

NY2d 862 [1995]; *Matter of Cutrone v Cutrone,* 225 AD2d 767, 768 [1996]).

In the afternoon of December 21, 2004 the father and his assigned counsel were present in the Family Court to attend a previously-scheduled status conference in an ongoing Family Court Act article 10 proceeding concerning his teenage daughter, Er-Mei (hereinafter the child). On the same day, at 2:20 P.M., the Administration for Children's Services (hereinafter the ACS) filed the instant petition to have the father found in violation of an order of protection issued by the Family Court on October 7, 2004. The petition alleged that the father had violated the order of protection by going to the child's foster home on December 1, 2004, threatening the child, and the following day, making a threatening call to the foster father telling him that he had a gun. During the status conference, the papers on the instant petition were served on the father.

A colloquy ensued during which the court questioned ACS as to why it waited 18 days after the alleged violation before filing the instant petition and asked the father's counsel why the father should not be remanded immediately in light of the serious charges. Since the father does not speak English, his counsel requested an opportunity to confer with his client with the assistance of a Mandarin-speaking court interpreter. The court denied the request for an interpreter. The court remanded the father to the custody of the Department of Corrections pursuant to Family Ct Act § 153, and directed that he be produced in court at 9:00 A.M. on December 23, 2004, for a hearing, with no adjournments.

At the hearing held on December 23, 2004 ACS adduced the testimony of the child's caseworker, who was permitted to testify, over hearsay objections, to statements made to him by the child, the child's psychologist, and the foster father. The Family Court precluded the father's assigned counsel from asking the caseworker about conversations he may have had with the father and the child's older sister about allegations that the foster father had sexually abused the older sister when she was living in the foster home. The child testified briefly, apparently exhibiting great anxiety and nervousness, that her father had come to the foster home with her older sister to get "stuff," and that he left after a few minutes. The Family Court took judicial notice that an order of protection had been signed by a Family Court Judge on October 7, 2004 and found that the father had wilfully violated that order by visiting the child's foster home and threatening that he had a gun.

The father contends, inter alia, that reversal is required

because he was deprived of his right to meaningful assistance of counsel, there was insufficient evidence that he received written or oral notice of the contents of an order of protection issued outside of his presence, and the Family Court relied on hearsay evidence in making findings of fact. The Law Guardian supports the father's appeal to the extent that it is based on insufficient evidence that the father received notice of the order of protection. We agree and reverse.

An individual has a constitutional right to counsel in any proceeding in which incarceration is a possibility (*see Argersinger v Hamlin,* 407 US 25 [1972]). As a corollary to the right to counsel, non-English speaking individuals have the right to an interpreter to enable them to participate meaningfully in their trial and assist in their own defense (*see People v Ramos,* 26 NY2d 272, 274 [1970]; *People v Perez,* 198 AD2d 446, 447 [1993]; *People v De Armas,* 106 AD2d 659).

In addition, Family Court Act § 262 (a) (vi) provides an express statutory right to counsel for any person in a proceeding "in which an order or other determination is being sought to hold such person . . . in willful violation of a previous order of the court." Family Court Act § 262 (a) mandates that, "[w]hen such person first appears in court, the judge shall advise such person before proceeding that he or she has the right to be represented by counsel of his or her own choosing, of the right to have an adjournment to confer with counsel," and of his right to assigned counsel (*see generally* 1 Elkins and Fosbinder, New York Law of Domestic Violence §§ 2:37, 6:40, 6:53).

Here, although the father had been assigned counsel in connection with the ongoing Family Court Act article 10 proceeding, the Family Court Judge to whom the proceeding on the instant petition was first assigned denied the father any opportunity to confer with his counsel with the assistance of a Mandarin-speaking court interpreter before remanding him prior to the hearing. Moreover, the Family Court Judge failed to advise the father of his rights to retain counsel of his own choosing in defense of the petition and to have an adjournment to confer with counsel. The Family Court Judge who presided over the hearing failed to assure that the father had been advised of his rights. Thus, the record supports the father's assertion that he had no meaningful opportunity to confer with counsel, with the assistance of an interpreter, between December 21, 2004, when he first appeared and was summarily remanded to prison, and December 23, 2004, when the hearing was held. Contrary to ACS's contention, the deprivation of the right to counsel is a

fundamental error warranting reversal (*see Matter of Otto v Otto,* 26 AD3d 498 [2006]; *Matter of Miranda v Vasquez,* 14 AD3d 566 [2005]; *Matter of Knight v Griffith,* 13 AD3d 449 [2004]; *Matter of Vladimir M.,* 206 AD2d 482, 483 [1994]; *Matter of Williams v Williams,* 91 AD2d 1044, 1045 [1983]).

Moreover, ACS failed to establish by a preponderance of the evidence (*cf. Matter of Sarmuksnis v Priest,* 21 AD3d 381 [2005]) that the father received oral or written notice of the terms of the order of protection dated October 7, 2004 (*see People v McCowan,* 85 NY2d 985, 987 [1995]; *see generally* 1 Elkins and Fosbinder, New York Law of Domestic Violence §§ 6:33, 6:28, 6:40). Furthermore, the Family Court improperly relied on hearsay evidence, when the statute requires that its findings be based on "competent proof" (*see* Family Ct Act § 1072).

Accordingly, we reverse the order appealed from insofar as reviewed and dismiss the petition. Mastro, J.P., Rivera, Skelos and Covello, JJ., concur.