■ In the Matter of DIAMOND TYNESHIA B., a Child Alleged to be Neglected. AISHA K., Appellant, et al., Respondent; ADMINISTRATION FOR CHILDREN SERVICES, Respondent. [971 NYS2d 525]—

Order of fact-finding, Family Court, Bronx County (Carol R. Sherman, J.), entered on or about April 19, 2012, which, to the extent appealed from, following a hearing, found that respondent-appellant mother had neglected the subject child, unanimously affirmed, without costs.

The finding of neglect is supported by a preponderance of the evidence (*see* Family Ct Act §§ 1012 [f] [i] [B]; 1046 [b] [i]). The record shows that there was an extensive history of domestic violence between the mother and father, including an incident in which the father broke down a door and hit the mother in front of the child, causing the child to tell the father to "stop" (*Matter of Jeaniya W. [Jean W.]*, 96 AD3d 622 [1st Dept 2012]). Further, there is unrefuted evidence that the mother repeatedly exposed the child to the risk of witnessing such violence by allowing the father to either visit or reside with them, despite the existence of an order of protection against him. The child's out-of-court statements about the incident she witnessed were corroborated by the mother's out-of-court statements and a domestic incident report (*see* Family Ct Act § 1046 [a] [vi]). The mother waived her argument that the Family Court improperly considered the domestic incident reports, since she failed to timely object to the admission of the reports (*see Matter of Dyandria D.*, 22 AD3d 354, 354 [1st Dept 2005], *lv denied* 6 NY3d 704 [2006]).

The Family Court properly denied the mother's request for an adjournment to call the father as a witness. Concur—Friedman, J.P., Freedman, Richter, Feinman and Gische, JJ.