■ In the Matter of ROBERT K.S. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; JOHN S., Appellant. (Proceeding No. 1.) In the Matter of ANTHONY K.S. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; JOHN S., Appellant. (Proceeding No. 2.) [994 NYS2d 386]—

In two related child protective proceedings pursuant to Family Court Act article 10, the father appeals from (1) an order of fact-finding of the Family Court, Queens County (Salinitro, J.), dated November 21, 2012, which, after a hearing, found that he neglected the children Robert K.S. and Anthony K.S., and (2) an order of commitment of the same court (O'Donoghue, J.) dated August 20, 2013, which, after a hearing, and upon a finding that he willfully violated the terms of a temporary order of protection of the same court, committed him to the New York City Department of Correction for a term of incarceration of six months.

Ordered that the appeal from so much of the order of commitment as committed the father to the New York City Department of Correction for a term of incarceration of six months is dismissed as academic, without costs or disbursements, as the period of incarceration has expired; and it is further,

Ordered that the order of fact-finding is affirmed, without costs or disbursements; and it is further,

Ordered that the order of commitment is affirmed insofar as reviewed, without costs or disbursements.

"To establish neglect pursuant to section 1012 (f) (i) (B) of the Family Court Act, the petitioner must prove, by a preponderance of the evidence, that (1) the child's physical, mental or emotional condition has been impaired, or is in imminent danger of becoming impaired, and (2) the actual or threatened harm to the child is due to the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (*Matter of Eugene S. [Priscilla E.]*, 114 AD3d 691, 691 [2014] [internal quotation marks omitted]; *see Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]).

Here, contrary to the father's contention, a preponderance of the evidence established that he neglected the subject children. The credible evidence presented at the fact-finding hearing established that the father committed an act of domestic violence in the children's presence, engaged in a pattern of verbal abuse and intimidation of the mother in the children's presence, and, on one occasion, gave one of the children a marijuana cigarette and directed him to give it to the principal of his school and to falsely state that it belonged to the mother's boyfriend. The evidence further established that this course of conduct by the father impaired or created an imminent danger of impairing the children's mental or emotional condition (*see Matter of Michael G.C. [Michael C.]*, 103 AD3d 890, 891 [2013]; *Matter of Kiara C. [David C.]*, 85 AD3d 1025, 1026 [2011]; *Matter of Kevin M.H. [Kenneth H.]*, 76 AD3d 1015, 1016 [2010]; *Matter of Morgan P.*, 60 AD3d 1362, 1362 [2009]; *Matter of Daniel D.*, 57 AD3d 444, 444 [2008]; *Matter of Edward C.L.*, 292 AD2d 282, 283 [2002]; *Matter of Catherine KK.*, 280 AD2d 732, 734-735 [2001]). Accordingly, the Family Court properly found that the father neglected the subject children.

Although the period of the father's incarceration has expired, the appeal from so much of the order of commitment as, in effect, adjudged him to be in willful violation of the temporary order of protection is not academic in light of the enduring consequences which may potentially flow from an adjudication that a party has been found to have violated an order of the Family Court (*see Matter of Rubackin v Rubackin*, 62 AD3d 11, 12-13 [2009]; *Matter of Er-Mei Y.*, 29 AD3d 1013, 1013-1014 [2006]). Nevertheless, the father's contentions with respect to the adjudication for willfully violating the temporary order of protection are without merit.

The father's remaining contentions are without merit. Rivera, J.P., Dickerson, Roman and Duffy, JJ., concur.