■ In the Matter of KYLE R. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SHERIKA S., Appellant. [998 NYS2d 918]—Appeal from an order of fact-finding and disposition of the Family Court, Suffolk County (Bernard Cheng, J.), dated February 7, 2014. The order, after a hearing, found that the mother had neglected the subject child and released the subject child to the custody of the father. The notice of appeal from an order of fact-finding dated January 24, 2014, is deemed to be a notice of appeal from the order of fact-finding and disposition (see CPLR 5512 [a]). The appeal brings up for review the order of fact-finding.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

"[A] party seeking to establish neglect must show, by a preponderance of the evidence, first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Nicholson v Scoppetta, 3 NY3d 357, 368 [2004] [citation omitted]; see Family Ct Act § 1012 [f] [i]; Matter of Robert K.S. [John S.], 121 AD3d 908 [2014]).

Here, contrary to the mother's contention, a preponderance of the evidence established that the subject child's physical, mental, or emotional condition was in imminent danger of becoming impaired as a result of the mother's behavior (see Matter of Isaiah M. [Antoya M.], 96 AD3d 516, 517 [2012]; Matter of Faith J., 47 AD3d 630, 630 [2008]; Matter of Pedro C. [Josephine B.], 1 AD3d 267, 268 [2003]; Matter of Barbara S., 244 AD2d 556, 556-557 [1997]).

Accordingly, the Family Court properly found that the mother neglected the subject child. Rivera, J.P., Balkin, Hall and Sgroi, JJ., concur.