Matter of Nicola V. (Anonymous) (Patrick V. (Anonymous)) (2015 NY Slip Op 09698)





Matter of Nicola V. (Anonymous) (Patrick V. (Anonymous))


2015 NY Slip Op 09698


Decided on December 30, 2015


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2015
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
JOHN M. LEVENTHAL
COLLEEN D. DUFFY, JJ.


2014-07203
 (Docket No. N-05649-13)

[*1]In the Matter of Nicola. (Anonymous). Administration for Children's Services, respondent;
and
Patrick . (Anonymous), appellant.


Lewis S. Calderon, Jamaica, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Richard Dearing and Ronald E. Sternberg of counsel), for respondent.
Seymour W. James, Jr., New York, NY (Tamara A. Steckler and Claire V. Merkine of counsel), attorney for the child.



DECISION & ORDER
Appeal from an order of commitment of the Family Court, Queens County (Marybeth S. Richroath, J.), dated July 15, 2014. The order, after a hearing, adjudged the father to be in willful violation of an order of protection of that court dated January 24, 2014, and committed him to a term of incarceration of four months with credit for time served.
ORDERED that the appeal from so much of the order of commitment as committed the father to a term of incarceration of four months with credit for time served is dismissed as academic, without costs or disbursements, as the period of incarceration has expired; and it is further,
ORDERED that the order is reversed insofar as reviewed, on the facts, without costs or disbursements, and the petition to adjudicate the father to be in willful violation of the order of protection is denied.
Although the period of the father's incarceration has expired, the appeal from so much of the order as adjudged him to be in willful violation of an order of protection dated January 24, 2014, is not academic in light of the enduring consequences that may potentially flow from such an adjudication (see Matter of Robert K.S. [John S.], 121 AD3d 908, 909).
Upon our review of the evidence adduced at the fact-finding hearing, the petitioning agency failed to demonstrate beyond a reasonable doubt that the father willfully violated the order of protection requiring him, inter alia, to have no contact with the subject child except for agency-supervised visitation (see Matter of Stuart LL. v Aimee KL., 123 AD3d 218, 220; Matter of Rubackin v Rubackin, 62 AD3d 11, 12-13).
MASTRO, J.P., RIVERA, LEVENTHAL and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court