■ In the Matter of KESSIAH A. ERIQ W., Appellant; ROSHANA A. et. al., Respondents. [39 NYS3d 23]—

Order, Family Court, New York County (Stewart H. Weinstein, J.), entered on or about December 18, 2014, upon a finding, after a hearing, that respondent willfully violated a two-year order of protection issued June 5, 2014, committed him to the New York City Department of Corrections for a term of six months, unanimously affirmed, without costs.

The evidence adduced at the hearing demonstrates beyond a reasonable doubt that respondent willfully violated the subject order of protection by sending the child written communications (*see N.A. Dev. Co. v Jones*, 99 AD2d 238 [1st Dept 1984]). A police detective testified that respondent told him he had written both the June 6 letter and the June 10 letter and

mailed them to the child. The agency's interception of the letters before the child could read them does not alter the conclusion that respondent violated the order of protection.

Respondent waived his objection as to the sufficiency of the notice provisions of the petition (*see* Judiciary Law § 756; *see also* Family Ct Act § 846 [b]) by failing to raise it timely (*see Matter of Dyandria D.*, 22 AD3d 354 [1st Dept 2005], *lv denied* 6 NY3d 704 [2006]). In any event, upon review of the petition, we find that it contains on its face the exact warning required by Judiciary Law § 756.

The court did not violate the best evidence rule by admitting photostatic copies of respondent's letters to the child, because the contents of the letters was not at issue (*see Flynn v Manhattan & Bronx Surface Tr. Operating Auth.*, 61 NY2d 769, 771 [1984]; *Billingy v Blagrove*, 84 AD3d 848 [2d Dept 2011]).

Respondent's claim that the order of protection was not served on him is not a basis for reversal, because the June 5, 2014 transcript establishes that respondent consented to the issuance of the order after he was allocuted by the court as to his understanding of its terms, with his assigned counsel present (*see People v Clark*, 262 AD2d 711, 712 [3d Dept 1999], *affd* 95 NY2d 773 [2000]).

Respondent's argument that petitioner never made clear to him the punishment that he could face in the event of a conviction is without merit. Respondent's counsel argued on the first day of the hearing that respondent should not be incarcerated during the proceeding because petitioner was seeking a six-month term. Concur—Tom, J.P., Renwick, Manzanet-Daniels, Gische and Webber, JJ.