■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOSES JOHN, Appellant. [53 NYS3d 377]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Modica, J.), rendered April 23, 2013, convicting him of criminal contempt in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

As the defendant correctly contends, the evidence was legally insufficient to support his conviction of criminal contempt in the second degree. The conviction arose from the defendant's alleged violation of an order of protection when he went to the complainant's home, at her invitation, to help with their children, and an altercation ensued.

" 'To sustain a finding of . . . criminal contempt based on an alleged violation of a court order it is necessary to establish that a lawful order of the court clearly expressing an unequivocal mandate was in effect' and the order was disobeyed by a person having knowledge of that order" (*People v Roblee*, 70 AD3d 225, 227 [2009], quoting *Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y.*, 70 NY2d 233, 240 [1987]; *see* Penal Law § 215.50 [3]). The defendant's knowledge of the terms of the order, as opposed to mere issuance of the order, is an essential element of the crime (*see People v Inserra*, 4 NY3d 30, 32 [2004]; *People v McCowan*, 85 NY2d 985, 987 [1995]).

Here, the People presented evidence that the defendant had knowledge of the issuance of the order of protection, and was told generally by the Supreme Court: "You're getting a full order of protection; no contact with the complaining witness." However, there was no evidence that the order of protection, which was not signed by the defendant, was ever actually given to him, or that he was orally advised as to the contents of the order, including a handwritten condition that he would be in violation of the order if he came within 100 yards of the complainant, even if invited by her. Under these circumstances, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), there was insufficient evidence from which a rational jury could conclude that the defendant had written or oral notice of the contents of the order of protection and the conduct it prohibited (*see People v McCowan*, 85 NY2d at 987; *People v Bulgin*, 105 AD3d 551 [2013]; *cf. Matter of Er-Mei Y.*, 29 AD3d 1013, 1016 [2006]).

The People's remaining contention is without merit. In light of our determination, we need not reach the defendant's remaining contentions. Chambers, J.P., Sgroi, Duffy and Barros, JJ., concur.