People v Smiley (2019 NY Slip Op 03820)





People v Smiley


2019 NY Slip Op 03820


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2016-07021
 (Ind. No. 1037-15)

[*1]The People of the State of New York, respondent,
v
Antoine Smiley, appellant.


Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant, and appellant pro se.
Timothy D. Sini, District Attorney, Riverhead, NY (Elizabeth Miller of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (William J. Condon, J.), rendered June 2, 2016, convicting him of attempted assault in the first degree, assault in the second degree, aggravated criminal contempt (four counts), criminal contempt in the first degree (five counts), assault in the third degree (six counts), robbery in the second degree, criminal obstruction of breathing or blood circulation (three counts), criminal contempt in the second degree, criminal mischief in the fourth degree, and petit larceny, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged with various crimes arising from assaults committed on several dates against his girlfriend, with whom he had a physically abusive relationship. Following a jury trial, he was convicted of 24 counts.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish, beyond a reasonable doubt, the defendant's guilt of attempted assault in the first degree, assault in the second degree, and robbery in the second degree, all relating to events that transpired on April 27, 2015, when the complainant was thrown out of a moving vehicle operated by the defendant (see Penal Law §§ 110, 120.05[2]; 120.10[1]; 160.10[2][a]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the Supreme Court failed to comply with its obligations under CPL 310.30 during jury deliberations is unpreserved for appellate review and, in any event, without merit (see People v Bonds, 157 AD3d 713).
The defendant's contention, raised in his pro se supplemental brief, that the evidence supporting his conviction of the criminal contempt counts was legally insufficient, is unpreserved for appellate review and, in any event, without merit (see People v Inserra, 4 NY3d 30; cf. People v John, 150 AD3d 889).
The defendant's remaining contentions are without merit.
MASTRO, J.P., ROMAN, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court