Matter of Lobb v Nanetti (2021 NY Slip Op 01777)





Matter of Lobb v Nanetti


2021 NY Slip Op 01777


Decided on March 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-10931
2019-10932
 (Docket No. O-18435-19/19A)

[*1]In the Matter of Eden J. Lobb, respondent,
v
Oliver A. Nanetti, appellant.


Musa-Obregon Law, P.C. White Plains, NY (Peter Kapitonov of counsel), for appellant.
Maria J. Frank, Yorktown Heights, NY, for respondent.
Donna E. Abrams, White Plains, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the father appeals from (1) an order of commitment of the Family Court, Westchester County (Arlene A. Gordon-Oliver, J.), dated August 30, 2019, and (2) an order of commitment of the same court (Gail B. Rice, J.), dated September 5, 2019. The order of commitment dated August 30, 2019, inter alia, committed the father to the Westchester County Jail until September 5, 2019. The order of commitment dated September 5, 2019, after a hearing, in effect, found that the father willfully violated the terms of a temporary order of protection dated August 29, 2019, and committed him to the Westchester County Jail for a period of six months.
ORDERED that the appeal from the order of commitment dated August 30, 2019, is dismissed, without costs or disbursements; and it is further,
ORDERED that the appeal from so much of the order of commitment dated September 5, 2019, as committed the father to the Westchester County Jail for a period of six months is dismissed as academic, without costs or disbursements, as the period of incarceration has expired (see Matter of Becker v Guenther, 150 AD3d 985); and it is further,
ORDERED that the order of commitment dated September 5, 2019, is reversed insofar as reviewed, on the law, without costs or disbursements.
The father and the mother have a child in common. On August 30, 2019, the mother commenced this proceeding alleging that the father violated a temporary order of protection dated August 29, 2019. On the date that the proceeding was commenced, the Family Court committed the father to the Westchester County Jail until September 5, 2019. On September 5, 2019, after a hearing, the court found that the father willfully violated the subject order of protection and committed him to the Westchester County Jail for a period of six months. The father appeals.
Initially, the appeal from the order of commitment dated August 30, 2019, must be [*2]dismissed, as that order was superseded by an amended order of commitment dated September 11, 2019, and the father did not appeal from that order (see Matter of Hutchinson v Hutchinson, 188 AD3d 1208; Matter of Dykes v Rago, 225 AD2d 696). The appeal from so much of the order of commitment dated September 5, 2019, as committed the father to the Westchester County Jail for a period of six months must be dismissed as academic, as the period of incarceration has ended (see Matter of Solomon v Fishman, 162 AD3d 1051, 1052; Matter of Savas v Bruen, 154 AD3d 859, 860; Matter of Becker v Guenther, 150 AD3d at 985; Matter of Pace v Douglas, 141 AD3d 530, 530). However, in light of the enduring consequences which could flow from the determination that the father violated the subject temporary order of protection, the appeal from so much of that order of commitment as, in effect, found that the father wilfully violated the subject temporary order of protection is not academic (see Matter of Solomon v Fishman, 162 AD3d at 1052; Matter of Pace v Douglas, 141 AD3d at 530).
Pursuant to Family Court Act § 846-a, if it is established by competent evidence that a respondent willfully failed to obey a lawful court order issued under Family Court Act article 8, the court may, among other things, commit the respondent to jail for a period not to exceed six months. Contrary to the mother's contention, where, as here, "an individual is incarcerated as a punitive remedy for violating an order of protection issued under Family Court Act article 8, the proceeding is one involving criminal contempt" (Matter of Rubackin v Rubackin, 62 AD3d 11, 21; see Matter of DeSiena v DeSiena, 167 AD3d 1006, 1007). "In order to sustain a finding of criminal contempt, there must be proof beyond a reasonable doubt that the contemnor willfully failed to obey an order of the court" (Matter of Rubackin v Rubackin, 62 AD3d at 15; see Matter of DeSiena v DeSiena, 167 AD3d at 1007).
"To sustain a finding of either civil or criminal contempt based on an alleged violation of a court order it is necessary to establish that a lawful order of the court clearly expressing an unequivocal mandate was in effect," and also that "the party charged . . . had knowledge of the court's order" (Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y., 70 NY2d 233, 240). Here, the father correctly contends that the evidence at the hearing failed to demonstrate that he was either served with a copy of the subject temporary order of protection or made aware of its contents (see People v John, 150 AD3d 889; People v Bulgin, 105 AD3d 551). We note that the transcript of the proceeding where the subject temporary order of protection was issued was not admitted into evidence, and that there was no testimony or other competent evidence demonstrating that the father was on notice of the prohibited conduct. Accordingly, we reverse so much of the order of commitment dated September 5, 2019, as, in effect, found that the father willfully violated the subject temporary order of protection.
In light of our determination, we need not reach the father's remaining contentions.
RIVERA, J.P., CONNOLLY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court