Matter of Omari J. T. (Oshane T.) (2023 NY Slip Op 02790)

Matter of Omari J. T. (Oshane T.)

2023 NY Slip Op 02790

Decided on May 24, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2022-02824
2022-02825
 (Docket Nos. N-19379-19, N-19380-19)

[*1]In the Matter of Omari J. T. (Anonymous). Administration for Children's Services, respondent; Oshane T. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Oshane A. T. (Anonymous), Jr. Administration for Children's Services, respondent; Oshane T. (Anonymous), appellant. (Proceeding No. 2.)

Angella S. Hull, Jamaica, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Rebecca Visgaitis and Josh Liebman of counsel), for respondent.
Marlene Toledo, Jamaica, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from (1) an order of fact-finding of the Family Court, Queens County (Monica D. Shulman, J.), dated March 11, 2022, and (2) an order of commitment of the same court also dated March 11, 2022. The order of fact-finding, after a hearing, found that the father willfully violated a temporary order of protection. The order of commitment, in effect, found that the father willfully violated the temporary order of protection and committed him to the custody of the New York City Department of Correction for a period of three months.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of commitment; and it is further,
ORDERED that the appeal from so much of the order of commitment as committed the father to the custody of the New York City Department of Correction for a period of three months is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of commitment is affirmed insofar as reviewed, without costs or disbursements.
In these neglect proceedings commenced against the father, the Family Court issued a temporary order of protection dated September 20, 2019, which, inter alia, directed the father to stay away from the mother and the subject children, except for agency supervised parental access. The temporary order of protection was extended several times, including through March 4, 2022. The petitioner filed a petition alleging that the father violated the temporary order of protection, inter alia, based on an incident that occurred on February 25, 2022, where the father failed to stay away from the mother and the subject children. In an order of fact-finding dated March 11, 2022, the court, after a hearing, found that the father willfully violated the temporary order of protection. In an order of commitment also dated March 11, 2022, the court, in effect, found that the father willfully violated the temporary order of protection and committed him to the custody of the New York City Department of Correction for a period of three months. The father appeals from the order of fact-finding and the order of commitment.
The appeal from the order of fact-finding must be dismissed, as that order was superseded by the order of commitment (see Matter of Hicks v Hicks, 126 AD3d 975, 976). The appeal from so much of the order of commitment as committed the father to the custody of the New York City Department of Correction for a period of three months must be dismissed as academic, as the period of incarceration has ended (see Matter of Lobb v Nanetti, 192 AD3d 1034, 1035; Matter of Solomon v Fishman, 162 AD3d 1051, 1052). However, in light of the enduring consequences which could flow from the determination that the father violated the temporary order of protection, the appeal from so much of the order of commitment as, in effect, found that the father willfully violated the temporary order of protection is not academic (see Matter of Lobb v Nanetti, 192 AD3d at 1035; Matter of Solomon v Fishman, 162 AD3d at 1052).
Here, contrary to the father's contention, the evidence adduced at the hearing was sufficient to establish, beyond a reasonable doubt, that he willfully violated the temporary order of protection on February 25, 2022 (see Family Ct Act § 1072; Matter of Nicola V. [Patrick V.], 134 AD3d 1131, 1132; Matter of Rubackin v Rubackin, 62 AD3d 11, 15).
The father's remaining contention, raised for the first time on appeal, is not properly before this Court.
DILLON, J.P., MILLER, DOWLING and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court