Matter of Angel P. H. (Angel P. Q.) (2024 NY Slip Op 00308)

Matter of Angel P. H. (Angel P. Q.)

2024 NY Slip Op 00308

Decided on January 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2022-10602
2022-10605
 (Docket Nos. N-13487-21/22A, N-13488-21/22A, N-13489-21/22A, N-13490-21/22A, N-08363-22/22A)

[*1]In the Matter of Angel P. H. (Anonymous). Administration for Children's Services, respondent; Angel P. Q. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Michael P. H. (Anonymous). Administration for Children's Services, respondent; Angel P. Q. (Anonymous), appellant. (Proceeding No. 2.)
In the Matter of Alexander H. (Anonymous). Administration for Children's Services, respondent; Angel P. Q. (Anonymous), appellant. (Proceeding No. 3.)
In the Matter of Jaden P. Q. (Anonymous). Administration for Children's Services, respondent; Angel G. P. Q. (Anonymous), appellant. (Proceeding No. 4.)
In the Matter of Leah P. H. (Anonymous). Administration for Children's Services, respondent; Angel P. Q. (Anonymous), appellant. (Proceeding No. 5.)

Center for Family Representation, Inc., New York, NY (Michele Cortese, Emily S. Wall, and Tehra Coles of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Melanie T. West and Amy McCamphill of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell, Judith Stern, and Chanel Smith of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, Angel P. Q. appeals from (1) an order of fact-finding and disposition (one paper) of the Family Court, Queens County (Joan L. Piccirillo, J.), dated December 19, 2022, and (2) an order of commitment of the same court also dated December 19, 2022. The order of fact-finding and disposition found that Angel P. Q. willfully violated a temporary order of protection of the same court dated July 27, 2022, and directed that he be committed to the custody of the New York City Department of Correction for a period of 10 months. The order of commitment committed Angel P. Q. to the custody of the New York City Department of Correction for a period of 10 months.
ORDERED that the appeal from so much of the order of fact-finding and disposition as committed Angel P. Q. to the custody of the New York City Department of Correction for a period of 10 months and the appeal from the order of commitment are dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.
The Administration for Children's Services (hereinafter the agency) commenced a child protective proceeding against Angel P. Q., alleging that in the presence of the five subject children, he engaged in acts of domestic violence against their mother. Angel P. Q. consented to a finding of neglect, the children were released to the mother under agency supervision, and a temporary order of protection was issued in favor of the children and the mother against Angel P. Q. Three months later, the agency brought a petition, alleging that Angel P. Q. violated the temporary order of protection on several occasions. After Angel P. Q. consented to the entry of an order of fact-finding and disposition, without admitting or denying the allegations in the violation petition, the Family Court found that Angel P. Q. willfully violated the temporary order of protection and committed him to the custody of the New York City Department of Correction for a period of 10 months. Angel P. Q. appeals.
The appeal from so much of the order of fact-finding and disposition as committed Angel P. Q. to the custody of the New York City Department of Correction for a period of 10 months and the appeal from the order of commitment must be dismissed as academic, as the period of incarceration has ended (see Matter of Omari J.T., 216 AD3d 1102). However, in light of the enduring consequences that could flow from the finding that Angel P. Q. violated the temporary order of protection, the appeal from so much of the order of fact-finding and disposition as determined that Angel P. Q. willfully violated the temporary order of protection is not academic (see Matter of Lobb v Nanetti, 192 AD3d 1034).
To incarcerate a party for violation of a court order, the Family Court must find beyond a reasonable doubt that he or she willfully failed to obey an order of the court (see Matter of DiSiena v DeSiena, 167 AD3d 1006). Knowingly failing to comply with a court order gives rise to an inference of willfulness (see Gomes v Gomes, 106 AD3d 868). To establish that a party had knowledge of the order, the evidence must show that he or she was made aware, either orally or in writing, of the substance of the order and the conduct it prohibited (see People v McCowan, 85 NY2d 985, 987; Matter of Lobb v Nanetti, 192 AD3d 1034, 1035-1036; Matter of Er-Mei Y., 29 AD3d 1013, 1016).
Here, the record demonstrated that Angel P. Q. was aware of the substance of the temporary order of protection, and that his conduct, as alleged in the violation petition, was prohibited by that order. In particular, Angel P. Q. was present during the remote proceeding, with his attorney and a Spanish language interpreter, when the Family Court informed him that the court was issuing a stay-away order of protection in favor of the children and the mother, inter alia, providing for supervised visitation on a schedule, in a location, and for a duration known to the agency, with all visitation supervisors to be cleared and approved by the agency, and pick up and [*2]drop off to be accomplished by a third party. Notice of the conduct prohibited by an order of protection may be given orally (see People v Clark, 95 NY2d 773, 775). Angel P. Q., therefore, knew that the conduct that he was alleged to have committed in the violation petition would constitute violations of the temporary order of protection (see Matter of Cori XX. [Michael XX.—Katherine XX.], 155 AD3d 113; cf. People v John, 150 AD3d 889).
Furthermore, Angel P. Q. failed to meet his burden "to overcome the presumption that the crime charged is petty and establish a Sixth Amendment right to a jury trial" (People v Suazo, 32 NY3d 491, 507). There is generally no right to a jury trial in violation proceedings because the maximum sentence for each willful violation is only six months (see Family Ct. Act §§ 846-a, 1072; Matter of Dyandria D., 22 AD3d 354). "[A] noncitizen defendant charged with a deportable crime is entitled to a jury trial under the Sixth Amendment, notwithstanding that the maximum authorized sentence is a term of imprisonment of six months or less" (People v Suazo, 32 NY3d at 508). Here, however, Angel P. Q. failed to show that his removal would be "practically inevitable," "virtually automatic," or would "invariably" flow from his conviction (id. at 491, 499, 502, 506 n 7). The conclusory allegation that he is deportable simply by reference to categories of deportable aliens in 8 USC § 1227(a)(2)(E)(ii) is insufficient to establish his right to a jury trial (see People v Garcia, 38 NY3d 1137), as the offenses that Angel P. Q. was found to have committed necessarily call for a circumstance-specific inquiry to determine removability (see Alvarez v Garland, 33 F4th 626, 640-641 [2d Cir]).
CONNOLLY, J.P., IANNACCI, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court