Matter of Beecher v Mack (2024 NY Slip Op 01304)

Matter of Beecher v Mack

2024 NY Slip Op 01304

Decided on March 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2022-03840
 (Docket No. O-4267-19/20A)

[*1]In the Matter of Melissa Sue Beecher, respondent,
v
Mark Edward Mack, Jr., appellant.

Paul N. Weber, Cornwall, NY, for appellant.
Kelli M. O'Brien, Goshen, NY, for respondent.
Ronna L. DeLoe, Larchmont, NY, attorney for the child Austin M.
Andrew W. Szczesniak, White Plains, NY, attorney for the child Mark M. III.
Mark Specthrie, Middletown, NY, attorney for the child Ashton M.
Joseph J. Artrip, Cornwall, NY, attorney for the child Mason M.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the father appeals from an order of commitment of the Family Court, Orange County (Christine P. Krahulik, J.), dated March 14, 2022, as amended March 16, 2022. The order of commitment, as amended, made after a hearing, in effect, determined that the father willfully violated a temporary order of protection dated September 10, 2019, as amended September 13, 2019, and committed him to the custody of the Orange County Sheriff for a period of six months.
ORDERED that the appeal from so much of the order of commitment, as amended, as committed the father to the custody of the Orange County Sheriff for a period of six months is dismissed as academic, without costs or disbursements, as the period of incarceration has expired; and it is further,
ORDERED that the order of commitment, as amended, is affirmed insofar as reviewed, without costs or disbursements.
The father and the mother have four children in common. In September 2019, the mother commenced this family offense proceeding and related custody proceedings against the father. At the start of the proceedings, the Family Court issued a temporary order of protection dated September 10, 2019, as amended September 13, 2019 (hereinafter the temporary order of protection). The temporary order of protection, inter alia, directed the father to stay away from the mother, awarded the mother temporary physical custody of the parties' children, and awarded the father parental access with the children. The mother filed a petition alleging that the father violated the temporary order of protection based on an incident that occurred on New Year's Eve in 2019, in which the father failed to stay away from the mother. After a hearing, the court issued an order of [*2]commitment dated March 14, 2022, as amended March 16, 2022, which, in effect, determined that the father willfully violated the temporary order of protection and committed him to the custody of the Orange County Sheriff for a period of six months. The father appeals from the order of commitment, as amended.
The appeal from so much of the order of commitment, as amended, as committed the father to the custody of the Orange County Sheriff for a period of six months must be dismissed as academic, as the period of incarceration has expired (see Matter of Omari J.T. [Oshane T.], 216 AD3d 1102; Matter of Lobb v Nanetti, 192 AD3d 1034, 1035). However, in light of the enduring consequences which could flow from, in effect, the determination that the father violated the temporary order of protection, the appeal from so much of the order of commitment, as amended, as, in effect, determined that the father willfully violated the temporary order of protection is not academic (see Matter of Lobb v Nanetti, 192 AD3d at 1035; Matter of Solomon v Fishman, 162 AD3d 1051, 1052).
Here, contrary to the father's contention, the evidence adduced at the hearing was sufficient to establish, beyond a reasonable doubt, that he willfully violated the temporary order of protection (see Matter of DeSiena v DeSiena, 167 AD3d 1006, 1007; Matter of Rubackin v Rubackin, 62 AD3d 11).
The father's remaining contentions are not properly before this Court because those issues were determined in other orders from which no appeals were taken (see Damen v North Shore Univ. Hosp., 234 AD2d 255; Kirschoch v Ragucci, 232 AD2d 611).
DILLON, J.P., CONNOLLY, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court