OPINION OF THE COURT
Melissa C. Jackson, J.
*901 This case presents the novel issue of whether a judge may permissibly restore a case to the calendar sua sponte after he has ordered it “dismissed and sealed,” in the absence of an unsealing order. We hold that pursuant to CPL 160.50 (3) (b), a 30-day window of time exists between the date that the file is ordered sealed and the effective date of the sealing. Accordingly, if the sua sponte restoration occurs within this 30-day time frame, no unsealing order is required in order to restore the case to the court calendar.
The defendant Pedro Sanchez was charged with Penal Law § 190.25 (3) (criminal impersonation in the second degree) and Penal Law § 240.26 (3) (harassment in the second degree) pursuant to a misdemeanor complaint filed on June 6, 2004. At the calendar call on December 2, 2004, prior to the arrival of both the defendant and defense counsel, the People mistakenly conceded that the applicable speedy trial time had expired whereby the Honorable Larry Stephen ordered the case “dismissed and sealed.” This order was noted on the record of court action sheet. When the defendant and defense counsel arrived in court a short time thereafter, they were informed that the case had been dismissed on speedy triad grounds. The defendant claims to have requested a certificate of disposition and allegedly was told that he would have to wait since the certificate could not be prepared immediately. Shortly thereafter, the defendant and defense counsel left the courthouse. Later that day the People informed the court that they had erroneously dismissed the case. Judge Stephen then sua sponte restored it to the Part C calendar and marked the case for trial on January 2, 2004. Neither defense counsel nor the defendant were present at the time, and the court directed that the People notify them of the case’s restoration.* The defendant now argues that, once the court ordered the case “dismissed and sealed,” the court lacks the inherent power to sua sponte order the case restored to the calendar. The defendant further argues that, once a case has been ordered sealed, it may only be properly restored to the calendar after the People have formally moved to unseal it. We disagree.
CPL 160.50 (1) provides for the sealing of records of criminal proceedings which terminate “in favor of the accused.” CPL *902 160.50 (3) (b) sets forth the circumstances under which a termination occurs. Among these are dismissals of the accusatory instrument pursuant to CPL 170.30 which includes dismissal on speedy trial grounds. (See CPL 170.30 [e].) In pertinent part, CPL 160.50 (3) (b) sets forth that
“a criminal action or proceeding . . . shall be considered terminated in favor of such person where ... an order to dismiss the entire accusatory instrument against such person pursuant to section 170.30, 170.50, 170.55, 170.56, 180.70, 210.20, 210.46 or 210.47 of this chapter was entered or deemed entered, . . . and the people have not appealed from such order” (emphasis added).
In other words, for a disposition to rise to the level of a “termination in favor of the accused,” two elements must be present. First, the case must have been dismissed pursuant to one of the sections set forth in the statute. Secondly, there is a proviso that the People must not have appealed the order of dismissal. We read this to mean that the period in which a proceeding is deemed to be terminated in favor of a person against whom an order of dismissal pursuant to one of the enumerated statutes has been entered does not occur until the time within which the People must file a notice of appeal has expired. CPL 450.20 invests the People with statutory authority to appeal an order dismissing an accusatory instrument entered pursuant to CPL 170.30. Pursuant to CPL 460.10 (1) (c), the People’s notice of appeal must be served upon either the defendant or the attorney who last appeared for him within 30 days after the court’s order of dismissal was granted. In effect, there is a window of 30 days before which a dismissal on speedy trial grounds cannot be deemed a termination in favor of a person. Accordingly, the sealing provisions set forth in CPL 160.50 do not take effect until the expiration of this 30-day window. There is a distinction between ordering a case sealed and the actual sealing. Since Judge Stephen restored the case to the calendar the same day that he ordered it sealed and dismissed, the case never fulfilled the twofold requirement set forth in CPL 160.50, and therefore was never in fact sealed. Therefore, under the particular facts and circumstances of this case, the case was properly restored to the calendar in the absence of a formal unsealing order.
We also note the recent Court of Appeals ruling in People v Richardson (100 NY2d 847, 850 [2003]), where the Court held: “[W]e have recognized that courts retain the inherent power to correct their records, where the correction relates to mistakes, *903 or errors, which may be termed clerical in nature, or where it is made in order to conform the record to the truth” (internal quotation marks omitted).

 Defense counsel claims that he was never notified of the restoration but that issue will not become pertinent until and unless a speedy trial motion is made. At the present time, no motion to dismiss on speedy trial grounds has been made and presumably the defendant’s position is that none is presently needed since the status of the case remains dismissed and sealed.