# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**552**
**KA 10-00973**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND GREEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

RICHARD ROACH, DEFENDANT-APPELLANT.

---

REDMOND & PARRINELLO, LLP, ROCHESTER (BRUCE F. FREEMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (JOSEPH D. WALDORF OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered February 25, 2010. The judgment convicted defendant, upon a nonjury verdict, of criminal contempt in the second degree.

It is hereby ORDERED that the judgment so appealed from is affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of criminal contempt in the second degree (Penal Law § 215.50 [3]), arising from his violation of a temporary order of protection. We reject defendant's contention that the misdemeanor information upon which he was prosecuted was jurisdictionally defective because it contained only a conclusory allegation that he had knowledge of the temporary order of protection. "It is a fundamental and nonwaivable jurisdictional prerequisite that an information state the crime with which the defendant is charged and the particular facts constituting that crime . . . In order for an information to be sufficient on its face, every element of the offense charged and the defendant's commission thereof must be alleged" (*People v Hall*, 48 NY2d 927, 927, *rearg denied* 49 NY2d 918; *see* CPL 100.15 [3]; 100.40 [1] [c]). "So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (*People v Casey*, 95 NY2d 354, 360; *see People v Konieczny*, 2 NY3d 569, 575).

An essential element of a prosecution for the crime of criminal contempt in the second degree is that "the party to be held in contempt must have had knowledge of the court's order" (*Matter of McCormick v Axelrod*, 59 NY2d 574, 583, *mot to amend order granted* 60

NY2d 652).  Here, the information alleged that defendant had knowledge of the temporary order of protection.  In addition, the victim's supporting deposition that was attached to the information contained the victim's statement that defendant "d[id] not seem to care about the order of protection" as he drove the victim's house two times within a one-minute period of time.  The "fair implication" of the victim's statement is that defendant had knowledge of the temporary order of protection (*Casey*, 95 NY2d at 360).  Generally, conclusory allegations are insufficient to meet the statutory requirements, but this is not a case in which additional facts were required to establish the illegality of defendant's conduct (*cf. People v Dreyden*, 15 NY3d 100; *People v Dumas*, 68 NY2d 729).  While it may have been preferable for the People to allege in the information the manner in which defendant had been made aware of the temporary order of protection, we conclude that the "core concerns [of *Casey*] were clearly satisfied in this case" (*People v Kalin*, 12 NY3d 225, 230).

Contrary to defendant's further contention, Supreme Court did not engage in premature deliberations in this nonjury trial when it denied his motion for a trial order of dismissal (*see People v Wilson*, 243 AD2d 316, 317, *lv denied* 91 NY2d 1011, 1014).  The court merely addressed the alleged evidentiary deficiencies raised by defendant in support of his motion.

All concur except CARNI, J., who dissents and votes to reverse in accordance with the following Memorandum:  I respectfully disagree with the conclusion of my colleagues that the misdemeanor information charging defendant with criminal contempt in the second degree (Penal Law § 215.50 [3]) contained sufficient evidentiary facts showing the basis for the conclusion that defendant had knowledge of the temporary order of protection.  I therefore dissent.

The information, insofar as it described the complaining officer's conclusion that defendant had knowledge of the temporary order of protection, "failed to give any support or explanation whatsoever for [that conclusion]" (*People v Dreyden*, 15 NY3d 100, 103).  Indeed, the conclusory allegation of defendant's knowledge is contained within the preprinted language of the information form utilized by the complaining officer, and that officer failed to explain how he formed the belief that defendant had knowledge of the temporary order of protection (*see id.* at 104; *People v Dumas*, 68 NY2d 729, 731).  Inasmuch as the information contained no factual basis for that conclusion, it was jurisdictionally defective (*see Dreyden*, 15 NY3d at 103).  The victim's statement that defendant allegedly "d[id] not seem to care about the order of protection," relied upon by the majority, suffers from the same defect inasmuch as it also fails to provide any factual basis to support the conclusion that defendant had knowledge of the temporary order of protection.  Further, the majority's reliance upon that statement confuses the factual allegations with respect to defendant's violation of the temporary order of protection with the factual allegations required to support the conclusion that he had prior knowledge thereof.  Indeed, it is plausible to conclude on this record that what the victim perceived as a lack of care with respect to the temporary order of protection was

in fact a lack of knowledge thereof.  In any event, the victim's subjective perception of the state of mind of defendant is insufficient to form the basis for the requisite "facts of an evidentiary character . . . demonstrating reasonable cause to believe the defendant committed the crime charged" (*id.* at 102 [internal quotation marks omitted]).

I would therefore reverse the judgment and dismiss the misdemeanor information.

Entered:  May 6, 2011                        Patricia L. Morgan
                                             Clerk of the Court