OPINION OF THE COURT
Memorandum.
Ordered that so much of the order dated June 30, 2010 as denied the branch of defendant’s omnibus motion seeking to dismiss the accusatory instrument on the ground that his statutory right to a speedy trial had been violated is vacated and the matter is remitted to the Justice Court for a new determination of that branch of defendant’s motion, following a hearing, in accordance with the decision herein. The appeal is held in abeyance in the interim. The Justice Court is directed to file its report with all convenient speed.
On December 28, 2008, an accusatory instrument was filed charging defendant with inhumane destruction of a dog *39 (Agriculture and Markets Law former § 374 [2-c]).* The case was adjourned and, in the interim, by letter dated January 16, 2009, the People informed the Justice Court that they were “investigating all possible charges,” and that they “opposed any plea . . . until further investigation is concluded.” On January 28, 2009, the People filed a statement of readiness and, in February 2009, they filed a Huntley notice pursuant to CPL 710.30. The case was subsequently adjourned numerous times. On May 8, 2009, the People notified defense counsel that defendant could testify before the grand jury on May 13, 2009, which defendant declined to do. By order dated June 22, 2009, pursuant to the grand jury’s directive that a prosecutor’s information be filed charging defendant with the unjustified killing of an animal (Agriculture and Markets Law § 353) (count 1), inhumane destruction of a dog (count 2), criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [4]) (count 3), and criminal mischief in the fourth degree (Penal Law § 145.00 [1]) (count 4), the Justice Court instructed the People to file a prosecutor’s information (see CPL 190.70). On June 24, 2009, defendant was arraigned on the prosecutor’s information which alleged, among other things, that defendant euthanized and/or killed a dog, named Humphrey, that was neither dangerous nor severely injured on December 28, 2008, on which date defendant also possessed a gun and intentionally damaged property — the dog — which belonged to another person.
Thereafter, defendant filed an omnibus motion in which he sought, among other things, to have the prosecutor’s information dismissed on statutory speedy trial grounds. By order dated June 30, 2010, this branch of the motion was denied. Following a nonjury trial, defendant was convicted of inhumane destruction of a dog, criminal possession of a weapon in the fourth degree, and criminal mischief in the fourth degree. He was acquitted of unjustified killing of an animal. On appeal, defendant contends that the prosecutor’s information is facially insufficient; that he was denied his right to a speedy trial; that his statements should have been suppressed; that the Justice Court misinterpreted the applicable law regarding justification; that the prosecutor’s conduct was improper; that the evidence was legally insufficient; and that the verdict was against the weight of the evidence.
*40 The sufficiency of a prosecutor’s information is governed by CPL 100.40 (3), which provides that a prosecutor’s information is “sufficient on its face when it substantially conforms to the requirements prescribed in section 100.35.” CPL 100.35 provides that
“[a] prosecutor’s information must contain the name of the local criminal court with which it is filed and the title of the action, and must be subscribed by the district attorney by whom it is filed. Otherwise it should be in the form prescribed for an indictment, pursuant to section 200.50, and must, in one or more counts, allege the offense or offenses charged and a plain and concise statement of the conduct constituting each such offense.”
Pursuant to CPL 200.50 (7), an indictment must contain “[a] plain and concise factual statement in each count which, without allegations of an evidentiary nature, (a) asserts facts supporting every element of the offense charged and the defendant’s . . . commission thereof with sufficient precision to clearly apprise the defendant ... of the conduct which is the subject of the accusation.” An indictment must provide the accused with fair notice of the nature of the charges against him, and the manner, time and place of the conduct underlying the accusations, so as to enable him to answer the charges and prepare an adequate defense (see People v Morris, 61 NY2d 290, 293 [1984]; People v Iannone, 45 NY2d 589, 594 [1978]).
One of the main differences between misdemeanor informations (CPL 100.40 [1]) and prosecutor’s informations (CPL 100.40 [3]) with respect to the requirements of facial sufficiency is that the factual part of a misdemeanor information, together with any supporting deposition, must contain non-hearsay allegations which establish, if true, every element of the offense charged and the defendant’s commission thereof (CPL 100.40 [1] [c]), whereas a prosecutor’s information need not be supported by nonhearsay allegations to be sufficient on its face (see CPL 100.40 [3]; 100.35). However, if after an information has been filed, the district attorney decides to file a prosecutor’s information pursuant to CPL 100.50 (2), to supersede the original information, the factual allegations of the superseded original information underlying it, and any supporting deposition, must be facially sufficient pursuant to CPL 100.40 (1) to support the charge in the prosecutor’s information (see CPL 170.35 [3] [b]).
Inasmuch as the prosecutor’s information in the case at bar was filed at the direction of the Justice Court pursuant to *41 the direction of the grand jury (see CPL 190.70 [3]), we find that the CPL 100.50 (2) requirement that the original accusatory instrument must also be facially sufficient pursuant to CPL 100.40 (1) is inapplicable, since the prosecutor’s information was not filed at the discretion of the District Attorney; rather, the District Attorney was obligated to file it (see CPL 190.70 [3]). Thus, we find that the prosecutor’s information is facially sufficient pursuant to CPL 100.40 (3), since it contains the name of the local criminal court with which it is filed, the title of the action, is subscribed by the District Attorney by whom it is filed (see CPL 100.35; see also e.g. People v Repanti, 40 Misc 3d 131 [A], 2013 NY Slip Op 51132[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2013]; People v Komizorov, 34 Misc 3d 154[A], 2012 NY Slip Op 50382[U] [App Term, 1st Dept 2012]), and provides defendant with fair notice of the nature of the charges against him, and the manner, time and place of the conduct underlying the accusations, so as to enable defendant to answer the charges and prepare an adequate defense (see People v Morris, 61 NY2d at 293; People v Iannone, 45 NY2d at 594).
On appeal, defendant argues, as he did in the Justice Court, that the 131 days from December 28, 2008 to May 8, 2009 are chargeable to the People; that the statement of readiness filed by the People in January 2009 was illusory; and that, therefore, his statutory right to a speedy trial has been violated. In the Justice Court, the People responded that every adjournment up to and after their January 2009 statement of readiness “was consented to by the defendant and counsel.” In the June 2010 order, the Justice Court stated that the “Prosecution was ready for trial well within the allotted time frame.”
It is uncontroverted that the People were required to announce their readiness for trial within 90 days of December 28, 2008, when the original accusatory instrument was filed (see CPL 30.30 [1] [b]; People v Lomax, 50 NY2d 351, 356 [1980]). Contrary to defendant’s arguments, since the subject of the prosecutor’s information is directly derived from the original accusatory instrument, it relates back to the original accusatory instrument filed in December 2008 for the purpose of computing chargeable time (see People v Farkas, 16 NY3d 190, 193-194 [2011]; People v Sinistaj, 67 NY2d 236, 239-240, 241 n 4 [1986]; cf. People v Cortes, 80 NY2d 201, 214 [1992]). We note that the June 2010 order denying the branch of defendant’s motion seeking to dismiss the prosecutor’s information on *42 statutory speedy trial grounds did not address each adjournment, and the record on appeal does not otherwise indicate whether the time from the filing of the original accusatory instrument on December 28, 2008 to January 28, 2009, when the People filed their statement of readiness, is chargeable to defendant or to the People. Nor does the record indicate who requested the January 28, 2009, February 25, 2009, April 22, 2009 and June 24, 2009 adjournments, and why the case was adjourned on each of these occasions (see e.g. People v Cortes, 80 NY2d at 210-214; People v Anderson, 66 NY2d 529, 536-538 [1985]). In view of the foregoing, upon the record presented, it is impossible to determine what time, if any, is chargeable to the People, and, thus, the matter must be remitted to the Justice Court for a new determination, following a hearing. As it is uncontroverted that the original accusatory instrument was filed on December 28th, and as the record contains no information regarding when defendant was arraigned on that instrument (although, in their respondent’s brief, the People state that defendant was arraigned on Feb. 25th), the Justice Court should indicate the arraignment date in its report to this court.
We further note that the People’s statement of readiness made in connection with the original accusatory instrument “satisfied their [CPL 30.30] obligation with respect to” the subsequently filed prosecutor’s information (People v Brickley, 306 AD2d 551, 553 [2003]; see also People v Farkas, 65 AD3d 700, 702 [2009]; People v Stone, 265 AD2d 891, 892 [1999], lv denied 94 NY2d 907 [2000]).
In view of the foregoing, we, at this juncture, reach none of the remaining issues.
Tolbert, J.P., Iannacci and Garguilo, JJ., concur.

 Agriculture and Markets Law former § 374 (2-c) was repealed as of October 9, 2010.