The People of the State of New York, Respondent,
against
Abdul Evans, Appellant. 




New York City Legal Aid Society (Tomoeh Murakami Tse of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill, Ellen C. Abbot and Aurora Alvarez-Calderon of counsel), for respondent.

Appeal from two judgments of the Criminal Court of the City of New York, Queens County (Elisa S. Koenderman, J.), rendered April 5, 2016. The judgments convicted defendant, upon jury verdicts, of unlicensed operation of a motor vehicle and operating an unregistered motor vehicle, and operating an uninsured motor vehicle, respectively, and imposed sentences.




ORDERED that the judgment convicting defendant of unlicensed operation of a motor vehicle and operating an unregistered motor vehicle is affirmed; and it is further,
ORDERED that the judgment convicting defendant of operating an uninsured motor vehicle is reversed, on the facts, the prosecutor's information charging that offense is dismissed, and the fine thereon, if paid, is remitted.
In an information charging defendant with, among other things, unlicensed operation of a motor vehicle (Vehicle and Traffic Law § 509 [1]), operating an unregistered motor vehicle (Vehicle and Traffic Law § 401 [1] [a]) and operating an uninsured motor vehicle (Vehicle and Traffic Law § 319 [1]), Police Officer Rawle Persad alleged that, on August 29, 2014, defendant had been traveling down the wrong side of a specified two-way street while driving a black 2010 GMC Suburban. The officer further alleged that he had stopped defendant and asked defendant for his driver's license, vehicle registration and proof of insurance. Defendant failed to produce any of the requested documentation. Insofar as relevant to the appeal, the People filed a [*2]superseding prosecutor's information charging defendant with operating an uninsured motor vehicle (Vehicle and Traffic Law § 319 [1]), alleging, among other things, that defendant "did own the motor vehicle or permit said vehicle to be operated . . . without having in full force and effect the financial security required [by law]."
At a jury trial, the officer testified, insofar as is relevant to the appeal, that, after stopping defendant for driving on the wrong side of the road, he had asked defendant for his driver's license, registration and proof of insurance, but none of the requested documentation had been presented to him by defendant. With respect to the count charging defendant with operating an uninsured motor vehicle (Vehicle and Traffic Law § 319 [1]), the Criminal Court's jury charge instructed that the People were required to prove that, on August 29, 2014, defendant "owned and operated" the motor vehicle without having the required financial security. The jury found defendant guilty of unlicensed operation of a motor vehicle, operating an unregistered motor vehicle and operating an uninsured motor vehicle.
On appeal, defendant contends that so much of the original information as charged him with operating an uninsured motor vehicle was improperly superseded by a prosecutor's information since that count of the original information was jurisdictionally defective. In addition, defendant contends that the evidence was legally insufficient to establish his guilt of the charges and that the verdicts were against the weight of the evidence.
CPL 100.50 (2) provides that "the district attorney may file with the local criminal court a prosecutor's information charging any offenses supported, pursuant to the standards prescribed in subdivision one of section 100.40, by the allegations of the factual part of the original information and/or any supporting depositions which may accompany it" (see People v Jablonka, 48 Misc 3d 37, 40 [App Term, 2d Dept, 9th and 10th Jud Dists 2015]). The original information charging defendant with operating an uninsured motor vehicle must be evaluated under the standards that govern the sufficiency of an information (see People v Hatton, 26 NY3d 364, 368 [2015]; People v Kalin, 12 NY3d 225, 228 [2009]; see also CPL 100.15, 100.40 [1]). Defendant raises no hearsay claim on appeal, and, even if he had, the claim would have been waived by his failure to raise it in the Criminal Court (see People v Casey, 95 NY2d 354 [2000]).
The original information contained factual allegations, which, if true, establish all of the necessary elements of the count of operating an uninsured motor vehicle (see Vehicle and Traffic Law § 319 [1], [3]). As the original information stated that defendant produced no documentation whatsoever, the information was sufficient, for pleading purposes, to give rise to an inference that defendant had "knowledge that the owner . . . [did] not have in full force and effect such proof of financial security" (Vehicle and Traffic Law § 319 [1]). Consequently, contrary to defendant's contention, the prosecutor's information charging that offense is not jurisdictionally defective (see CPL 100.50 [2]; see also CPL 100.35; People v Jablonka, 48 Misc 3d at 40). We note that the statement contained only in the prosecutor's information—that defendant was the owner of the uninsured vehicle—is superfluous and does not render the prosecutor's information jurisdictionally defective.
Defendant failed to preserve for appellate review his challenges to the legal sufficiency of the evidence supporting his convictions (see CPL 470.05; People v Gray, 86 NY2d 10, 20-21 [1995]; People v Boyle, 289 AD2d 251 [2001]), and we decline to review them in the exercise of our interest of justice jurisdiction (see People v Bridges, 63 AD3d 752 [2009]). In fulfilling our responsibility to conduct an independent review of the weight of the evidence upon defendant's request (see CPL 470.15), we must assess the evidence in light of the elements of the offenses as charged to the jury (see People v Danielson, 9 NY3d 342 [2007]). With respect to the charge of operating an uninsured motor vehicle (see Vehicle and Traffic Law § 319 [1]), the jurors were charged that they could find defendant guilty if they found, among other things, that he owned the vehicle. We conclude that that guilty verdict was against the weight of the evidence (see People v Danielson, 9 NY3d at 348-349; People v Samuels, 130 AD3d 757 [2015]), as no proof was presented at trial establishing that defendant was the owner of the black 2010 GMC suburban that he was operating on a public highway. We note that in the cases cited by the concurring justice, it is the trial evidence that was found to be insufficient, not the accusatory instrument (see People v Smalls, 26 NY3d 1064, 1066 [2015]; People v Kalin, 12 NY3d 225, 230 [2009]; People v Henderson, 92 NY2d 677, 680 [1999]).
Upon a review the record, we are satisfied that the verdict of guilt with respect to the counts charging defendant with unlicensed operation of a motor vehicle and operating an unregistered motor vehicle was not against the weight of the evidence (see People v Danielson, 9 NY3d 342; People v Romero, 7 NY3d 633 [2006]).
Accordingly, the judgment convicting defendant of unlicensed operation of a motor vehicle and operating an unregistered vehicle is affirmed. The judgment convicting defendant of operating an uninsured motor vehicle is reversed and the prosecutor's information charging that offense is dismissed.
ELLIOT, J.P., and SIEGAL, J., concur.
WESTON, J., concurs in the result in the following memorandum:
Although I concur with the majority's decision to reverse defendant's conviction and dismiss the charge of operating an uninsured motor vehicle, I disagree with the rationale for doing so. In my opinion, the information did not establish all of the necessary elements to support a charge of operating an uninsured motor vehicle. Accordingly, I would dismiss the prosecutor's information charging that offense as jurisdictionally defective.
As relevant here, a person is guilty of operating an uninsured motor vehicle when he or she is the
"owner of a motor vehicle registered in this state, or an unregistered motor vehicle, who shall operate such motor vehicle or permit it to be operated in this state without having in full force and effect the financial security required by the provisions of this chapter and any other person who shall operate in this state any motor vehicle registered in this state, [*3]or an unregistered motor vehicle, with the knowledge that the owner thereof does not have in full force and effect such proof of financial security . . . " (Vehicle and Traffic Law § 319 [1] [emphasis added]).
The plain terms of the statute prohibit operation of an uninsured vehicle by the owner of the vehicle or by any person "with the knowledge" that the owner lacks insurance. Although the failure to produce an insurance card creates a presumption of operation of a motor vehicle without insurance (see Vehicle and Traffic Law § 319 [3]), this presumption applies to owner-operators, whose liability under the statute is predicated on operating a motor vehicle without insurance. In contrast, a non-owner operator is in violation of the statute if he or she operates a motor vehicle without insurance and has knowledge of that fact (see People v Clark, 64 Misc 3d 127[A], 2019 NY Slip Op 50980[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]; People v Weinert, 178 Misc 2d 675 [App Term, 2d Dept, 9th & 10th Jud Dists 1998]; People v Astoria Constr. & Paving Corp., App Term, 2d Dept, 2d & 11th Jud Dists, Oct. 25, 1993, appeal No. 93-741 Q CR; ["There was no evidence that the defendant was either an owner of the forklift or had knowledge that the owner lacked insurance, thus rendering the operation without insurance conviction defective"]; People v Simmons, 90 Misc 2d 143 [Suffolk Dist Ct 1977]; see also Carrieri, Supp Practice Commentaries,McKinney's Cons Laws of NY, Book 62A, Vehicle and Traffic Law § 319, at 195-198 [2009]). Thus, although the presumption of lack of insurance is triggered upon a failure to produce an insurance card, the added element of knowledge, as it applies to non-owner operators, is not covered by this presumption. Since the information here alleges no facts that defendant was either the owner of the vehicle or an operator with knowledge that the vehicle was uninsured, I would dismiss the prosecutor's information charging operating an uninsured motor vehicle as jurisdictionally defective.[FN1]


ENTER:

Paul Kenny

Chief Clerk

Decision Date: August 02, 2019



Footnotes

Footnote 1: I would note that while the majority dismisses this charge as against the weight of the evidence, its analysis is really one of sufficiency (see People v Danielson, 9 NY3d 342, 348, 349 [2007]). In dismissing the charge, the majority concludes that "no proof was presented at trial" establishing defendant's ownership of the vehicle — which is an element of the offense. In my opinion, such a conclusion is the result of a sufficiency analysis, not weight of the evidence review, since it suggests that the People failed to sustain their burden in presenting enough evidence to support the verdict (see id.; cf. People v Herskovic, 165 AD3d 835 [2018] [verdict was against the weight of the evidence, where the complaining witness was unable to positively identify his attackers, there were "varying accounts" regarding the incident, and the DNA evidence was "less than convincing"]).