People v Matera (2022 NY Slip Op 50289(U))

[*1]

People v Matera (Salvatore)

2022 NY Slip Op 50289(U) [74 Misc 3d 135(A)]

Decided on March 25, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 25, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DONNA-MARIE E.
GOLIA, JJ

2018-2538 K CR

The People of the State of New York,
Respondent,
against
Salvatore Matera, Appellant. 

Appellate Advocates (Jenna Hymowitz of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Rhea A. Grob and Kamephis Perez of
counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County
(Michael A. Gary, J., at trial; Abena Darkeh, J., at sentencing), rendered November 15, 2018.
The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled
substance in the seventh degree, and imposed sentence. The appeal from the judgment brings up
for review an order of that court (Michael A. Gary, J.) rendered September 18, 2018 granting the
People's motion to amend the accusatory instrument.

ORDERED that the judgment of conviction is reversed, on the law, and, as a matter of
discretion in the interest of justice, the accusatory instrument is dismissed.
Defendant was charged in a felony complaint, dated September 8, 2017, with, among other
things, reckless endangerment in the first degree (Penal Law § 120.25), criminal possession
of a controlled substance in the seventh degree (Penal Law § 220.03), and operating a motor
vehicle while impaired by drugs (Vehicle and Traffic Law § 1192 [4]). The accusatory
instrument, which was executed by the arresting officer, alleged that, based upon the officer's
professional training in the identification of oxycodone and her review of the Abused
Pharmaceutical Substances Chart published by the National Association of Drug Diversion
Investigators, the pills recovered from defendant were oxycodone, and that defendant had
operated a motor vehicle while impaired by that drug. Thereafter, the People dismissed the felony
count charging defendant with reckless endangerment in the first degree and they served [*2]and filed an information, which consisted of a complaint and three
supporting depositions, upon which defendant was arraigned. The new accusatory instrument
charged defendant with the same offenses charged in the felony complaint, with the exception of
charging defendant with reckless endangerment in the second degree (Penal Law § 120.20)
instead of reckless endangerment in the first degree, and it continued to allege that the controlled
substance that defendant had possessed, and was impaired by, was oxycodone.
Immediately prior to the commencement of a jury trial, the People moved to amend the
information to allege that the controlled substance that defendant had possessed, and was
impaired by, was fentanyl. Defendant opposed the motion and the court (Michael A. Gary, J.), in
an order rendered September 18, 2018, granted the motion. Following the trial, at which the
People submitted proof that the drug defendant possessed was fentanyl, the jury found defendant
guilty of criminal possession of a controlled substance in the seventh degree and acquitted him of
operating a motor vehicle while impaired by drugs. On November 15, 2018, the court (Abena
Darkeh, J.) imposed sentence. On appeal, defendant contends that, in granting the People's
motion to amend the factual allegations contained in the accusatory instrument, the Criminal
Court violated CPL 100.45 (3). The People concede that there was a violation of CPL 100.45 (3)
and assert that the judgment of conviction should be reversed and the accusatory instrument
dismissed.
CPL 100.45 (3) precludes prosecutors from curing factual errors or deficiencies in
informations and complaints via amendment (see People v Hardy, 35 NY3d 466, 468-469, 476 [2020]). Instead,
the CPL requires a superseding accusatory instrument supported by a sworn statement containing
the correct factual allegations to cure factual errors or deficiencies (see id. at 469,
473-475 ["the legislature . . . decide(d) that no one but an affiant should be permitted to alter the
factual allegations previously sworn to by an affiant"]). Consequently, here, the Criminal Court
lacked the authority to grant the People's motion to amend the factual portion of the information
to allege that the controlled substance that defendant had possessed, and was impaired by, was
fentanyl, not oxycodone (see id. at 476; People v Warren, 17 Misc 3d 27 [App Term, 2d Dept, 2d &
11th Jud Dists 2007]). Further, upon the People's concession, and since defendant has already
served his sentence (see People v Ahmeti, 71 Misc 3d 139[A], 2021 NY Slip Op
50481[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]), we dismiss the accusatory
instrument as a matter of discretion in the interest of justice.
Accordingly, the judgment of conviction is reversed and the accusatory instrument is
dismissed.
ALIOTTA, P.J., WESTON and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 25, 2022