Ahava Med. Diagnostic, P.C. v Hertz Co. (2022 NY Slip Op 50298(U))

[*1]

Ahava Med. Diagnostic, P.C. v Hertz Co.

2022 NY Slip Op 50298(U) [74 Misc 3d 136(A)]

Decided on April 1, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 1, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DONNA-MARIE E.
GOLIA, JJ

2020-178 K C

Ahava Medical Diagnostic, P.C., as
Assignee of Amiri, Behzad, Respondent,
against
Hertz Co., Appellant. 

Rubin, Fiorella, Friedman & Mercante, LLP (Daniel Passer of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Jill R.
Epstein, J.), entered November 8, 2019. The order, insofar as appealed from as limited by the
brief, denied the branches of defendant's motion seeking to vacate a judgment of that court
entered November 2, 2018 upon defendant's failure to appear or answer the complaint and, upon
such vacatur, to dismiss the complaint.

ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and the
branches of defendant's motion seeking to vacate the default judgment and, upon such vacatur, to
dismiss the complaint are granted.
In this action by a provider to recover first-party no-fault benefits for the services it rendered
to its assignor for injuries the assignor sustained in a motor vehicle accident on April 11, 2016 (to
which claim defendant assigned number 0220168887), defendant failed to appear or answer the
complaint. A default judgment was subsequently entered in plaintiff's favor on November 2,
2018. Thereafter, defendant moved to, among other things, vacate the default judgment and,
upon such vacatur, to dismiss the complaint on the ground that the action is barred by the
doctrine of res judicata based on a declaratory judgment of the Supreme Court, New York
County, entered on August 8, 2018. The Supreme Court judgment declared that certain
defendants therein, including Ahava Medical Diagnostic, P.C., are not entitled to no-fault
coverage for the accident at issue in the case at bar. The Supreme Court order was entered upon
the default of certain defendants therein, which judgment was served on those defendants, with
notice of entry, on November 14, 2018. By order entered November 8, 2019, the Civil Court
[*2]denied defendant's motion, finding that although defendant
had established a reasonable excuse for its default in the instant action, it did not demonstrate a
potentially meritorious defense because the Supreme Court's declaratory judgment was served,
with notice of entry, after the default judgment had been entered herein and, therefore, the
doctrine of res judicata did not apply.
The fact that the default judgment in the case at bar was entered prior to the service, with
notice of entry, of the Supreme Court's declaratory judgment is not fatal to the latter's binding
and conclusive effect (see Atlantic
Chiropractic, P.C. v Liberty Mut. Fire Ins. Co., 52 Misc 3d 137[A], 2016 NY Slip Op
51072[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; Omphil Care, Inc. v Hertz Co., 48 Misc
3d 131[A], 2015 NY Slip Op 51052[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2015]; Great Health Care Chiropractic,
P.C. v American Tr. Ins. Co., 44 Misc 3d 143[A], 2014 NY Slip Op 51324[U] [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; All Boro Psychological Servs., P.C. v Travelers Prop. Cas. Co. of Am.,
44 Misc 3d 48 [App Term, 2d, 11th & 13th Jud Dists 2014]). We thus take judicial
notice of the August 8, 2018 declaratory judgment which preceded the entry of judgment herein
(see Longevity Med. Supply, Inc. v
Global Liberty Ins. Co., 67 Misc 3d 135[A], 2020 NY Slip Op 50527[U] [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2020]; Maiga Prods. Corp. v Hertz Co., 61 Misc 3d 132[A], 2018 NY Slip
Op 51448[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; K.O. Med., P.C. v Mercury Cas. Co.,
57 Misc 3d 155[A], 2017 NY Slip Op 51614[U] [App Term, 2d Dept, 2d, 11th & 13th
Jud Dists 2017]).
The Supreme Court's August 8, 2018 declaratory judgment declares that the plaintiff "has no
duty to pay any No-Fault benefits in the form of sums, monies, damages, awards or benefits to
defendants AHAVA MEDICAL DIAGNOSTIC P.C. . . . arising out of any current or future
proceeding . . . seeking to recover No-Fault benefits with respect to the April 11, 2016 collision
referenced in the complaint (also known as plaintiff claim number 02-2016-8887)." The
foregoing declaration demonstrates that defendant has a meritorious defense to the action.
Moreover, contrary to plaintiff's argument, we find that the Civil Court did not improvidently
exercise its discretion in determining that defendant had established a reasonable excuse for its
default based on law office failure (see CPLR 2005). Consequently, the branch of
defendant's motion seeking to vacate the default judgment should have been granted. In view of
the foregoing, upon such vacatur, the branch of defendant's motion seeking to dismiss the
complaint should have been granted based on the doctrine of res judicata (see Longevity Med.
Supply, Inc. v Global Liberty Ins. Co., 2020 NY Slip Op 50527[U]; Maiga Prods. Corp. v
Hertz Co., 2018 NY Slip Op 51448[U]; K.O. Med., P.C. v Mercury Cas. Co., 2017
NY Slip Op 51614[U]; EBM Med.
Health Care, P.C. v Republic W. Ins., 38 Misc 3d 1 [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2012]), as any judgment in favor of plaintiff in the present action would
destroy or impair rights or interests established by the judgment in the declaratory judgment
action (see Schuylkill Fuel Corp. v Nieberg Realty Corp., 250 NY 304, 306-307 [1929];
Omphil Care, Inc. v Hertz Co., 2015 NY Slip Op 51052[U]; Flushing Traditional
Acupuncture, P.C. v Kemper Ins. Co., 42 Misc 3d 133[A], 2014 NY Slip Op 50052[U] [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]).
Accordingly, the order, insofar as appealed from, is reversed and the branches of defendant's
motion seeking to vacate the default judgment and, upon such vacatur, to dismiss the complaint
are granted.
ALIOTTA, P.J., WESTON and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 1, 2022