People v Charles (2025 NY Slip Op 51961(U))

[*1]

People v Charles

2025 NY Slip Op 51961(U)

Decided on December 11, 2025

Criminal Court Of The City Of New York, Kings County

Tisne, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 11, 2025
Criminal Court of the City of New York, Kings County

The People of the State of New York,

against
Luis Charles.

Docket No. CR-031442-25KN

For the People: Adam Libove
For defendant: Steve Williams

Philip V. Tisne, J.

On July 27, 2025, the People commenced this action by filing a complaint charging defendant with one count of Promoting Prison Contraband in the Second Degree (Penal Law § 205.20[1]), two counts of Attempted Promoting Prison Contraband in the Second Degree (Penal Law §§ 110.00, 205.20[1]), three counts of Official Misconduct (Penal Law § 195.00), and one count of Conspiracy in the Sixth Degree (Penal Law § 105.00). On August 11, 2025, the People filed a supporting deposition, a certificate of compliance ("COC"), and a statement of readiness. Defendant moves to dismiss the accusatory instrument as defective. See CPL 170.30(1)(a). The court assumes the parties' familiarity with the facts and arguments raised in the motion. For the reasons explained below, the motion is GRANTED IN PART to the extent of dismissing one count each of second-degree promoting prison contraband and attempted second-degree promoting prison contraband.
To be facially sufficient, an information must comply with the requirements of CPL 100.15; it must assert non-hearsay allegations that, if true, establish every element of the charged offenses; and it must assert factual allegations that establish reasonable cause to believe that the defendant committed the charged offenses. See CPL 100.40. An information (or a count thereof) that does not comply with these requirements is defective and may be dismissed, unless the defect can be cured by amendment and the People request leave to amend. See CPL 170.30(1)(a), 170.35(1(a).
The information does not allege a facially sufficient charge of second-degree promoting prison contraband. A person commits that offense by knowingly and unlawfully introducing contraband into a detention facility. See Penal Law § 205.20(1). In this context, a person "introduces" contraband into a facility when they to bring it into the facility for the first time. See Webster's Third New Intl Dict (1961), introduce ("to lead, bring, conduct, or usher in esp. for the first time"). Here, the information does not assert factual allegations that, if true, would establish that defendant brought contraband into the facility. The information alleges that defendant told Resident 1 that he would "see what [he] can do" about procuring tobacco and rolling papers, but it does not allege that defendant got those items, that he supplied them to Resident 1 within the facility, or that they were found within the facility under circumstances indicating that defendant was their source. Likewise, the information alleges that a relative of [*2]Resident 2 gave defendant marijuana "for the benefit of Resident 2." This allegation is fairly understood to mean that the relative delivered marijuana to defendant intending for defendant to give the marijuana to Resident 2. But the information does not allege that defendant actually delivered the marijuana into the facility, or that marijuana was recovered from Resident 2 under circumstances indicating that defendant had delivered it. Finally, the information alleges that Resident 3 gave defendant a cellphone charger and marijuana for Resident 4, and that defendant in fact delivered the items to Resident 4. But an allegation that defendant delivered contraband among residents of the facility is not an allegation that he introduced that contraband into the facility. The information thus does not sufficiently allege facts establishing a violation of Penal Law § 205.20(1).[FN1]

The information contains two attempt charges, but it sufficiently alleges only one of them. A person is guilty of the attempted prison-contraband charge when they engage in conduct that tends to effect the introduction of contraband into a detention facility. See Penal Law §§ 110.00, 205.20(1). Here, the allegation that defendant received marijuana to be delivered to a resident of a detention facility is sufficient to make out one charge of attempted introduction of prison contraband, since defendant's receipt of alleged contraband intended for delivery into the facility is sufficiently close to completion of the crime to constitute an attempt. See generally William C. Donnino, Practice Commentaries, McKinney's Consol Laws of NY, Book 39, Penal Law § 110.00 (2025 online). There are no other factual allegations, however, to support an attempt charge. As above, ferrying contraband that was already in the facility among residents of the facility neither constitutes introducing that contraband into the facility, nor an attempt to do so. And the information's allegation that defendant told a resident that he would "see what [he] can do" about procuring contraband does not assert any concrete step by defendant toward the actual commission of that completed crime.
The court has considered defendant's remaining challenges to the information and finds them to be without merit. For example, defendant argues that the information contains unconverted hearsay because it alleges statements made by defendant and an alleged co-conspirator in text messages. But the requirement that an information rely on non-hearsay allegations "is met so long as the allegation would be admissible under some hearsay rule exception." People v Casey, 95 NY2d 354, 361 (2000). Here, as the People point out, the text messages would be admissible under the business-records exception to the hearsay rule, see Guide to NY Evid rule 8.08(a), and the statements contained in the text messages would be admissible either as party admissions or as co-conspirator statements, see Guide to NY Evid rules 8.03(1)(a), 8.09(1)(a). Further, defendant's arguments about the statements allegedly made by the relative of Resident 2—i.e., whether that witness had a sufficient basis to know that the substance they claimed to give defendant was marijuana, and what they meant that the marijuana was given for the benefit of Resident 2—go to the weight that the factfinder might afford those statements, which is a matter "properly left for trial." People v Miles, 64 NY2d 731, 733 (1984); see People v Konieczny, 2 NY3d 569, 577 (2004) (citing Casey, 95 NY2d at 360).
Because the CPL prohibits amendment of the factual part of an information, see People v Hardy, 35 NY3d 466, 472-76 (2020), the defects identified above cannot be cured by amendment, see CPL 170.35(1)(a), and the court must therefore dismiss the second-degree promoting prison contraband charge and one count of attempted second-degree promoting prison contraband. The People's request for leave to amend is denied as unnecessary. The People are authorized, without leave of court at any time before trial or plea, to file a superseding information adding new factual allegations and new charges supported by the allegations. See CPL 100.50(1); People v Thomas, 4 NY3d 143, 147 (2005).
This constitutes the order of the court.
Dated: December 11, 2025
Brooklyn, New York
Hon. Philip V. Tisne

Footnotes

Footnote 1:The conclusory allegation that "[t]ext messages on various contraband cell phones" recovered from the facility "indicate that defendant was bringing contraband into the facility and delivering it to residents" does not assert any "fact of an evidentiary character" giving reason to believe that defendant introduced contraband into the facility. See CPL 100.15(3).