People v Rubin (2026 NY Slip Op 50016(U))

[*1]

People v Rubin

2026 NY Slip Op 50016(U)

Decided on January 8, 2026

Justice Court Of The Town Of Big Flats, Chemung County

Brink, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 8, 2026
Justice Court of the Town of Big Flats, Chemung County

The People of the State of New York

againstChrista M. Rubin, Defendant.

Case No. 225110032

Weeden A. Wetmore, District Attorney, Elmira (Tayquan R. Shields of counsel), for the PeopleBuzzetti Law Office, Elmira (Matthew J. Buzzetti of counsel), for the defendant

Richard J. Brink, J.

The defendant is charged with criminal contempt in the second degree in violation of Penal Law § 215.50(3). In an omnibus motion, as relevant here, the defendant now moves to dismiss the information as facially insufficient. See CPL 170.30(1)(a); see also 100.15(1)-(3); 100.40(1); 170.35(1)(a); 255.20. The People submitted an affirmation in response and affixed as an exhibit proof of service of the order of protection on the defendant. In ruling upon the motion, the Court holds as follows:
"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution." People v Case, 42 NY2d 98, 99 (1977); accord People v Jackson, 18 NY3d 738, 741 (2012). "[N]ot every deficiency implicates the jurisdiction of the court. So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading." People v Konieczny, 2 NY3d 569, 575 (2004) (internal quotations marks and citations omitted). "Pleading errors involving omission of elements of [a] charged crime are fundamental. They impair a defendant's basic rights to fair notice sufficient to enable preparation of a defense and to prevent double jeopardy." People v Casey, 95 NY2d 354, 366 (2000); see People v Kalin, 12 NY3d 225, 229 (2009) ("An information . . . failing to allege a complete element of the charged offense is jurisdictionally defective"); see also People v McGuire, 5 NY2d 523, 526 (1959) ("When the information fails to state facts sufficient to constitute the crime charged, it is jurisdictionally defective and must be dismissed").
The essential elements of criminal contempt in the second degree are that a lawful order of the court was in place clearly expressing an unequivocal mandate, that defendant had knowledge of its provisions, and that the defendant intentionally disobeyed it. See People v McCowan, 85 NY2d 985, 987 (1995) ("It is not enough . . . simply to inform a defendant that 'an order' has been issued, without also telling defendant, either orally or in writing, the contents of the order and the conduct it prohibits"); People v Clark, 95 NY2d 773, 775 (2000) ("Notice of [*2]the contents of, and therefore of the conduct prohibited by, an order of protection may be given either orally or in writing or in combination"); see also Konieczny, 2 NY3d at 576 (when affixed to the accusatory instrument, an order of protection can serve as "the functional equivalent of a supporting deposition" and "corroborat[e] and amplify[y] the allegations in the information concerning the existence and terms of the judicial mandate defendant [i]s alleged to have violated"); People v D'Angelo, 98 NY2d 733, 734-35 (2002) ("The incorporation by specific reference to the statute operates without more to constitute allegations of all the elements of [a] crime"); CJI2d(NY) Penal Law § 215.50(3) 
https://www.nycourts.gov/judges/cji/2-PenalLaw/215/215-50%283%29.pdf (last accessed Jan. 6, 2026). Thus, "[a]n essential element of a prosecution for the crime of criminal contempt in the second degree is that 'the party to be held in contempt must have had knowledge of the court's order.'" People v Roach, 84 AD3d 1734, 1735 (4th Dept 2011), quoting Matter of McCormick v Axelrod, 59 NY2d 574, 583 (1983), mot. to amend order granted 60 NY2d 652 (1983); People v. Inserra, 2 Misc 3d 21, 22 (App Term, 2d Dept, 2d & 11th Jud Dists 2003) (an essential element of second degree criminal contempt is that "defendant ha[ve] knowledge of [the order's] provisions (although not necessarily through actual service of the order)"), revd on other grounds, 4 NY3d 30 (2004); People v John, 150 AD3d 889, 889 (2d Dept 2017) ("The defendant's knowledge of the terms of the order, as opposed to mere issuance of the order, is an essential element of the crime"), lv denied 29 NY3d 1128 (2017); People v Boyce, 25 Misc 3d 1056, 1061 (Crim Ct, New York County 2009) (while the best practice is to attach a copy of the order of protection to the accusatory instrument, the failure to do so is not dispositive since a valid order could have been initially issued orally).
Here, there are no allegations that defendant had knowledge of the contents of the order either from her presence in court or through service of a copy of the order. See e.g. People v Delvecchio, 61 Misc 3d 130(A) (App Term, 2d Dept, 9th & 10th Dists 2018); see also People v Alejandro, 70 NY2d 133, 139 (1987). The information neither accuses defendant of having knowledge of the order's contents or existence nor provides any factual allegations in support of the knowledge element. While a certified copy of the order of protection could support an allegation of knowledge if the order indicates that the defendant was present in court at the time it was issued, see e.g. People v Whidbee, 8 Misc 3d 1023(A), 2005 NY Slip Op 51239(U), *5 (Crim Ct, Kings County 2005), here, the order of protection indicates that it was issued ex parte. Accordingly, even when the information is "given a fair and not overly restrictive or technical reading," Casey, 95 NY2d at 360, the information charging criminal contempt in the second degree is facially insufficient.
While the People have provided proof of service of the order of protection upon the defendant, "the court lack[s] authority to permit [an] amendment" in response to an omnibus motion to fill the gap in the factual part of the information. People v Hardy, 35 NY3d 466, 476 (2020). The law is now settled that "the CPL prohibits amendment of the factual part of an information." People v Charles, 87 Misc 3d 1249(A), 2025 NY Slip Op 51961(U), *2 (Crim Ct, Kings County 2025), citing Hardy, 35 NY3d at 472-76. Full stop. Stated somewhat differently, with respect to the factual part of an accusatory instrument, the court cannot amend or add to "its four corners." Hardy, supra, at 475. Rather, "[i]t is the People's responsibility to . . . proceed on a superseding instrument." Id.; see CPL 100.50(1),(2); see e.g. People v Johnson-McLean, 71 Misc 3d 31, 39 (App Term, 1st Dept 2021); People v Matera, 74 Misc 3d 135(A), 2022 NY Slip Op 50298(U) (App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022); Charles, supra. Sealing is [*3]delayed 30 days to allow the People to serve and file a superseding information, should they choose to do so, see People v Nuccio, 78 NY2d 102 (1991); People v Sanchez, 8 Misc 3d 900 (Crim Ct, New York County 2005) (observing that "the sealing provisions set forth in CPL 160.50 do not take effect until the expiration of [a] 30-day window"); see also CPL 160.50(1), subject to speedy trial considerations. See generally People v Jablonka, 48 Misc 3d 37, 41-42 (App Term, 2d Dept, 9th & 10th Jud Dists 2015) and the cases cited therein.
Since the branch of the motion seeking dismissal for facial insufficiency is dispositive, the remaining branches of the motion are denied as moot.
The foregoing constitutes the opinion, decision and Order of this Court.